IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**STACEY L. SWANK,**

    **Plaintiff,**

                              Civil Action 2:20-cv-2396
                              Judge James L. Graham
    v.                              Magistrate Judge Elizabeth P. Deavers

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

**REPORT AND RECOMMENDATION**

Plaintiff, Stacey L. Swank ("Plaintiff"), brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability benefits. This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's Statement of Errors (ECF No. 14), the Commissioner's Memorandum in Opposition (ECF No. 19), and the administrative record (ECF No. 13). No Reply was filed. For the following reasons, it is **RECOMMENDED** that the Court **REVERSE** the Commissioner of Social Security's non-disability finding and **REMAND** this case to the Commissioner and the Administrative Law Judge ("ALJ") under Sentence Four of § 405(g) for further consideration.

**I. BACKGROUND**

Plaintiff applied for disability benefits on June 23, 2016, alleging disability beginning February 1, 2011. (R. at 148-154.) Plaintiff's claim was denied initially and upon reconsideration. (R. at 66-96.) Upon request, a hearing was held on November 19, 2018, at

1

which Plaintiff, proceeding with the assistance of counsel, appeared and testified. (R. at 32-64.) A vocational expert ("VE"), Connie O'Brien-Heckler, also appeared and testified at the hearing. (*Id.*) On January 14, 2019, Administrative Law Judge Jeffrey Harkranft ("the ALJ") issued a decision finding that Plaintiff was not disabled. (R. at 13-31.) On March 10, 2020, the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision. (R. at 1-7.) Plaintiff then timely commenced the instant action. (ECF No. 1.)

## II. RELEVANT HEARING TESTIMONY

Plaintiff testified that she is not married, has three surviving adult children, and generally lives alone in a duplex except when her family stays with her on her "bad" days. (R. at 37-38.)

With respect to her non-physical impairments, Plaintiff testified to being claustrophobic. (R. at 47.) She further testified that she misses doctor's appointments because she cannot leave her house. (*Id.*) She stated that, in public, she feels like she is wearing a big sign that says "I lost my daughter eight years ago." (R. at 46.) She explained that her daughter's death had triggered her depression and anxiety. (*Id.*) She described these conditions as severe and testified that she sees a counselor every week. (*Id.*) The counselor comes to her house. (*Id.*) She sees both a counselor and a psychiatrist and takes medication. (R. at 49.) The medication is helpful but she is not sure whether she will stay on the most recently prescribed one because it made her "really messed up." (*Id.*) She explained that, although she takes her medication, some days are just horrible and it does not matter. (R. at 50.) She stated that on those days, she sits in her room, lays in her bed, cries all day, and does not take a shower or get dressed. (*Id.*) She sometimes goes four or five days without showering because she cannot make herself do it. (*Id.*) She

explained that she feels impending doom from the anxiety and that she started to go downhill when she signed the paperwork to remove her daughter from life support. (*Id*.)

In response to questions from her attorney, Plaintiff stated that she takes Seroquel to help her sleep but that, for about three weeks prior to the hearing, she was waking up with night panic attacks. (R. at 56.) She explained that she had taken pain medication in connection with her knee surgery but that she generally did not take it since overcoming an addiction she had developed in the wake of her daughter's death. (R. at 57.)

### III.  RELEVANT MEDICAL EVIDENCE

The record contains opinion evidence from two state agency mental health consultants, Robyn Murry-Hoffman, PhD., who reviewed Plaintiff's claim at the initial level (R. at 75-79), and Paul Tangeman, PhD., who reviewed Plaintiff's claim on reconsideration (R. at 81-96). In September 2016, Dr. Murry-Hoffman opined that Plaintiff's symptoms compromised her ability to maintain attention and concentration for extended periods and to perform at a consistent pace without an unreasonable number and length of rest periods. (R. at 76.) Accordingly, Dr. Murry-Hoffman explained that Plaintiff would be limited to 1-3 step tasks in a routine environment. (*Id*.) Dr. Murry-Hoffman further opined that Plaintiff had moderate limitations in her ability to interact with the general public and to accept instructions and respond appropriately to criticism from supervisors. (*Id*.) Dr. Murry-Hoffman explained that, due to her anxiety and depression symptoms, Plaintiff is limited to superficial contact with coworkers, supervisors, and the general public. (R. at 77.) Dr. Murry-Hoffman also opined that Plaintiff was moderately limited in her ability to respond appropriately to changes in the work setting and explained that Plaintiff can tolerate infrequent changes in routine that can be readily explained. (*Id*.) In December 2016, Dr. Tangeman confirmed the above. (R. at 91-93.)

## IV. ADMINISTRATIVE DECISION

On January 14, 2019, the ALJ issued his decision. (R. at 13-31.) At step one of the sequential evaluation process,[1] the ALJ found that Plaintiff has not engaged in any disqualifying substantial gainful activity since May 1, 2016, her amended alleged onset date. (R. at 18.) At step two, the ALJ found that Plaintiff has the following severe impairments: bilateral knee arthritis; lumbosacral radiculopathy; diabetes mellitus, type I, with neuropathy; coronary artery disease; obesity; and major depressive disorder with anxious distress. (*Id.*) The ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*)

At step four of the sequential process, the ALJ set forth Plaintiff's residual functional capacity ("RFC") as follows:

After careful consideration of the entire record, the undersigned finds that, through

---

[1] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 416.920(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

>   the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant can stand and walk four hours out of an eight-hour work day; can occasionally climb ramps and stairs, but cannot climb ladders ropes, or scaffolds; and can occasionally kneel, crouch, and crawl. Mentally, the claimant can perform simple, routine, and repetitive tasks involving only simple work related decisions and with few, if any, workplace changes, and can work in positions that require no more than occasional interaction with the general public, co-workers, and supervisors.

(R. at 21.)

When assessing Plaintiff's mental RFC, the ALJ considered the opinion evidence in the record and gave "partial weight" to those opinions from Drs. Murry-Hoffman and Tangeman. (R. at 24.) In doing so, the ALJ explained:

>   The State agency psychological consultants' mental assessments are given partial weight because of their program familiarity, longitudinal view of the medical evidence of record, and their opinions are generally consistent with the evidence (Exhibits 2A and 4A). However, some of their limitations have been rephrased in more vocationally relevant terms herein. Therefore, the State agency mental assessments are given partial weight.

(*Id*.)

Relying on testimony from the VE, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, she can perform jobs that exist in significant numbers in the national economy, including merchandise marker, garment sorter and mail clerk. (R. at 26.) He therefore concluded that Plaintiff was not disabled under the Social Security Act. (*Id*.)

## V.  STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by

5

substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## VI. ANALYSIS

Plaintiff puts forth one assignment of error: the ALJ's decision should be reversed because the ALJ failed to properly evaluate the mental health evidence of record resulting in an incorrect residual functional capacity. (ECF No. 14 at 7.) Within this assignment of error, Plaintiff argues that the ALJ both failed to properly account for the credible opinions provided by Social Security's own reviewing mental health experts and failed to properly evaluate and

6

weigh the opinions of the other mental health providers of record. (*Id.* at 7, 11.) The Undersigned finds Plaintiff's first point on this issue to be well-taken.[2]

As an initial matter, the determination of a claimant's RFC is an issue reserved to the Commissioner. 20 C.F.R. §§ 404.1527(d), 416.927(d). Nevertheless, substantial evidence must support the Commissioner's RFC finding. *Berry v. Astrue*, No. 1:08-cv-411, 2010 WL 3730983, at *8 (S.D. Ohio June 18, 2010). An ALJ must explain how the evidence supports the limitations that he or she sets forth in the claimant's RFC:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

S.S.R. 96-8p, 1996 WL 374184, at *7 (internal footnote omitted).

In this case, the ALJ assigned the state psychologists' opinions partial weight because of their program familiarity, longitudinal view of the medical evidence of record, and the opinions' general consistency with the evidence. Although the ALJ restricted Plaintiff to no more than occasional interaction with the general public, co-workers, and supervisors, the ALJ did not incorporate the state agency psychologists' opinions that Plaintiff was limited to only superficial interactions with coworkers. (R. at 21.) The ALJ suggested that he did not do so because "superficial interactions" was not a vocationally relevant term. The ALJ wrote, without

---

[2] While Plaintiff's second issue is related, this finding obviates the need for any in-depth analysis of it. Thus, the Undersigned need not, and does not, resolve this alternative basis that Plaintiff asserts supports reversal and remand. Nevertheless, on remand, the ALJ may consider it if appropriate.

specifically identifying any particular limitation, that "… some of their limitations have been rephrased in more vocationally relevant terms herein." (R. at 24.)

That explanation is inadequate. Courts routinely recognize that limiting the *quantity* of time spent with an individual does not accommodate a limitation relating to the *quality* of the interactions—including a limitation to "superficial" interaction. *See*, *e.g., Hutton v. Comm'r of Soc. Sec.*, No. 2:20-CV-339, 2020 WL 3866855, at *5 (S.D. Ohio July 9, 2020), *report and recommendation adopted sub nom. Hutton v. Comm'r of Soc. Sec. Admin.*, No. 2:20-CV-339, 2020 WL 4334920 (S.D. Ohio July 28, 2020) (reversing and remanding where ALJ explanation was lacking because "superficial interaction" is a well-recognized, work-related limitation); *Corey v. Comm'r Soc. Sec.*, No. 2:18-cv-1219, 2019 WL 3226945, at *4 (S.D. Ohio July 17, 2019) ("[R]eversal is warranted because the ALJ assigned significant weight to Dr. Marlow's opinions, but failed to include limitations for 'superficial' interactions."); *Lindsey v. Comm'r Soc. Sec.*, No. 2:18-CV-18, 2018 WL 6257432, at *4 (S.D. Ohio Nov. 30, 2018) ("'Occasional contact' goes to the *quantity* of time spent with [ ] individuals, whereas 'superficial contact' goes to the *quality* of the interactions." (emphasis added)) (quoting *Hurley v. Berryhill*, No. 1:17-cv-421-TLS, 2018 WL 4214523, at *4 (N.D. Ind. Sept. 5, 2018)); *Barker v. Astrue*, No. 5:09-cv-1171, 2010 WL 2710520, at *5–6 (N.D. Ohio July 7, 2010) (finding that the ALJ erred in failing to include in plaintiff's "RFC the prior ALJ's findings, as adopted by the state agency physicians, that [p]laintiff have no interaction with the public and only superficial interaction with co-workers and supervisors" where the ALJ only "limited [p]laintiff to no more than *occasional* interaction with the public (as opposed to no interaction with the public, as in ALJ Hafer's assessment), and he made no mention of whether and to what extent [p]laintiff can interact with co-workers and supervisors (whereas ALJ Hafer found that [p]laintiff was limited

8

to superficial contact with such individuals)."). Stated simply, "superficial interaction" is a well-recognized, work-related limitation. The ALJ's contention that such a limitation, as reflected in the State agency consultants' opinions is "not stated in vocationally relevant terms" is therefore untenable. Because the ALJ's explanation is lacking in this regard, remand is necessary. *See Hurley*, 2018 WL 4214523, at *4 (explaining that "occasional" and "superficial" are not interchangeable terms and finding that the ALJ erred in making no attempt to explain the basis of his decision to limit plaintiff to occasional rather than superficial interactions) (citing *Gidley v. Colvin*, No. 2:12-cv-374, 2013 WL 6909170, at *12 (N.D. Ind. Dec. 30, 2013)); *Cote v. Colvin*, No. 16-cv-57-SLC, 2017 WL 448617, at *7 (W.D. Wis. Feb. 2, 2017) (reversing and remanding where "[t]he ALJ did not explain his reasons for only limiting the quantity and not the quality or duration of plaintiff's social interaction, even though several of the physicians whom he credited made clear that plaintiff's difficulties related to the quality of the interaction.").

To be sure, as Defendant argues and Plaintiff recognizes, an ALJ's decision to give weight to medical opinion evidence does not mean that the ALJ is required to incorporate every restriction proposed by that medical source. *Hankinson v. Comm'r of Soc. Sec.*, No. 2:18-CV-58, 2020 WL 240812, at *2 (S.D. Ohio Jan. 16, 2020) (citing *Salisbury v. Comm'r of Soc. Sec.*, No. 5:11-CV-2277, 2013 WL 427733, *7 (N.D. Ohio Feb. 1, 2013)). "Even where an ALJ provides 'great weight' to an opinion, there is no requirement that an ALJ adopt a state agency psychologist's opinions verbatim; nor is the ALJ required to adopt the state agency psychologist's limitations wholesale." *Id*. (quoting *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015)). Nevertheless, where, as is the case here, an RFC assessment conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted. *Id*. In this case, the apparent explanation— that superficial interactions is not a vocationally

relevant term— is simply inaccurate.  Although the ALJ was not required to adopt that restriction, he could not reject it on this basis.  Defendant's arguments to the contrary are unavailing.  First, this Court is not bound by the case law from other jurisdictions cited by Defendant and does not find it otherwise persuasive.  Further, Defendant's central contention that the term "superficial" is ambiguous under Agency policy is likewise unpersuasive.  As discussed above, "superficial interaction" is a well-recognized, work-related limitation. *Crisp v. Comm'r of Soc. Sec.*, No. 2:19-CV-2401, 2020 WL 581841, at *3 (S.D. Ohio Feb. 6, 2020), *report and recommendation adopted*, No. 2:19-CV-2401, 2020 WL 5640056 (S.D. Ohio Sept. 22, 2020).

      Defendant also tacitly invites the Court to ignore the ALJ's stated reason and find that, in any event, the ALJ's decision to omit this restriction was supportable.  But it is the ALJ, not the Court, who must determine what jobs can be performed by plaintiff in light of her limitations. *Hankinson,* 2020 WL 240812, at *3 (citing *Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181, 192 (6th Cir. 2009)).  Any effort by this Court to use other information in the record to explain the ALJ's failure to include this restriction in plaintiff's RFC would constitute impermissible *post hoc* rationalization.  *Id*. (citing *Kolasa v. Comm'r of Soc. Sec.*, No. 13-cv-14311, 2015 WL 1119953, at *10 (E.D. Mich. Mar. 11, 2015); *Miller v. Comm'r of Soc. Sec.*, No. 1:13-CV-1872, 2014 WL 3950912, at *13 (N.D. Ohio Aug. 12, 2014)(where the ALJ did not discuss her decision to omit a limitation from the RFC, court would engage in prohibited *post hoc* rationalization by relying on other evidence to explain the omission)).

      In sum, the ALJ assigned partial weight to the State agency psychologists' opinions but failed to include a limitation for "superficial interactions" or offer an adequate explanation for declining to do so.  The ALJ's cursory discussion "deprived this court of a 'logical bridge

10

between the evidence on the record and his conclusion[.]'" *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011)). As a result, the ALJ's decision does not allow for an adequate review by this Court. For these reasons, it is **RECOMMENDED** that this prong of Plaintiff's contention of error be **SUSTAINED**.

## VII. CONCLUSION

Due to the error outlined above, Plaintiff is entitled to an order remanding this case to the Social Security Administration pursuant to Sentence Four of 42 U.S.C. § 405(g). Accordingly, it is **RECOMMENDED** that the Court **REVERSE** the Commissioner of Social Security's non-disability finding and **REMAND** this case to the Commissioner and the ALJ under Sentence Four of § 405(g) for further consideration consistent with this Report and Recommendation.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district

11

court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**Date: April 12, 2021**                    /s/ *Elizabeth A. Preston Deavers*
                                            **ELIZABETH A. PRESTON DEAVERS**
                                            **UNITED STATES MAGISTRATE JUDGE**